UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENISE ANN BENNETT,

        Plaintiff,                              Case Number 12-11263
                                                               Honorable David M. Lawson

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____/

**ORDER DENYING MOTION FOR ATTORNEY'S FEES WITHOUT PREJUDICE**

On October 11, 2012, the plaintiff filed a motion for attorney's fees under the Equal Access to Justice Act. The plaintiff's motion failed to note whether she had sought concurrence from the defendant prior to filing, in accordance with the Local Rules. On October 22, 2012, the plaintiff filed a document titled "Certificate of Consultation Pursuant to Local Rule 7.1" in which the plaintiff indicates that plaintiff's counsel forwarded the motion for attorney's fees to defense counsel, who indicated that the defendant did not concur in the motion.

In this district, movants must seek concurrence in the relief requested *before* filing a motion or request with this Court. E.D. Mich. LR 7.1(a). If concurrence is obtained, the parties then may present a stipulated order to the Court. If concurrence is not obtained, Local Rule 7.1(a)(2) requires that the moving party state in the motion that "there was a conference between the attorneys . . . in which the movant explained the nature of the motion and its legal basis and requested but did not obtain concurrence in the relief sought [ ] or . . . despite reasonable efforts specified in the motion, the movant was unable to conduct a conference." E.D. Mich. LR 7.1(a)(2). The Oxford English Dictionary defines a "conference" as "the action of bringing together" or "meeting for conversation." Oxford English Dictionary, "Conference, n." (online ed. Jun. 2010), *available at*

http://www.oed.com/view/Entry/38740 (last visited July 27, 2011).  The idea behind the rule requiring opposing counsel to "meet[] for conversation," of course, is to stimulate discussion about the dispute that is the subject of the motion in order to attempt a resolution that would not require court intervention.

The Court requires meaningful, good faith compliance with the rule.  As the definition suggest, a conference normally involves actual contact with an opposing party.  If an actual conversation simply cannot be conducted, the movant must describe with specificity that reasonable efforts were made to conduct the conference.  It appears from the certificate of consultation that the plaintiff neither sought concurrence from the defendant prior to filing the motion nor conducted an actual conversation with the defendant.  "It is not up to the Court to expend its energies when the parties have not sufficiently expended their own."  *Hasbro, Inc. v. Serafino*, 168 F.R.D. 99, 101 (D. Mass. 1996).  The plaintiff has filed her motion in violation of the applicable rules.

Accordingly, it is **ORDERED** that the plaintiff's motion for attorney's fees [dkt. #14] is **DENIED WITHOUT PREJUDICE**.

                                             s/David M. Lawson
                                             DAVID M. LAWSON
                                             United States District Judge

Dated: October 26, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 26, 2012.

                             s/Deborah R. Tofil
                             DEBORAH R. TOFIL